UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

KATHERINE ALEXIS WIEGERS and )
SHAWN NJOVENS, )
)
)
Plaintiffs, )
)
v. ) No. 3:25-CV-281-DCP
)
ANDREW THOMAS LOWELL WRIGHT, )
and PROGRESSIVE ADVANCED )
INSURANCE COMPANY, )
)
Defendants. )

## SCHEDULING ORDER

1.  **Introduction**.  The parties filed a Rule 26(f) report on August 25, 2025 [Doc. 20], and the Court held a telephonic scheduling conference on November 24, 2025.  While scheduling deadlines are listed in the table below, the parties must take note of the content following the table and any other deadlines set forth herein.[1]

| Scheduling Dates | |
|---|---|
| **Trial Date/Length of Trial** | Tuesday, May 11, 2027 / 2 days |
| **Verdict Form** | May 6, 2027 |
| **Pretrial Filings** | May 4, 2027 |
| **Jury Instructions** | April 30, 2027 |
| **Final Pretrial Conference** | April 26, 2027 |
| **Pretrial Order** | <ul><li>Due on April 21, 2027</li><li>Plaintiff to Serve Proposed Order on Defendant on March 12, 2027</li><li>Defendant to Provide Information on March 17, 2027</li></ul> |
| **Motions in Limine** | April 9, 2027 |
| **Pretrial Exchanges** | March 26, 2027 |
| **Dispositive Motion Deadline** | January 19, 2027 |

---

[1]  The instant Scheduling Order supersedes any previous Scheduling Order.

1

| Scheduling Dates | |
|---|---|
| **Daubert Motion Deadline** | January 19, 2027 |
| **Motion to Compel Deadline** | December 15, 2026 |
| **Discovery Deadline** | December 8, 2026 |
| **Settlement/Alternative Dispute Resolution Report** | December 8, 2026 |
| **Motion to Amend/Joinder Deadline** | October 20, 2026 |
| **Expert Disclosure Deadlines** | <ul><li>Plaintiff - September 29, 2026</li><li>Defendant - October 27, 2026</li><li>Rebuttal - November 17, 2026</li></ul> |
| **Initial Disclosures** | August 24, 2025 |

2. **Jurisdiction**. In this case, Plaintiff has invoked the subject matter jurisdiction of this Court pursuant to 28 U.S.C. § 1332.

3. **Settlement/Alternative Dispute Resolution**. The Court advises the parties of the Federal Mediation Program, *see* E.D. Tenn. L.R. 16.4, and the parties shall consider utilization of the program. If the parties elect to utilize the Federal Mediation Program, please notify the Mediation Coordinator at the Howard H. Baker, Jr., United States Courthouse; 800 Market Street, Suite 130; Knoxville, Tennessee 37902.

On or before **December 8, 2026**, the parties shall jointly file a report indicating whether the case is suitable for mediation. If the parties believe the case is suitable for mediation, the parties shall explain in their report at what point in the litigation the case should be mediated (*e.g.*, after the parties have completed discovery or after the Court has adjudicated dispositive motions). If the parties believe that the matter is not suitable for mediation, the parties shall explain in their status report the reasons as to why mediation is not suitable.

4. **Disclosure and Discovery**

   a. **Rule 26(f) Meeting and Discovery Plan**. The parties shall follow their discovery plan but may seek assistance from the Court in the event of a dispute.

   b. **Electronic Discovery**. To the extent discovery of such material occurs, the parties shall confer regarding the manner and method and seek the Court's assistance in the event an agreement cannot be reached.

   c. **Initial Disclosures**. The parties agreed to complete initial disclosures on or before **August 24, 2025**.

d. **Protective Orders**. In the event a need for a protective order arises, the parties shall endeavor to reach an agreement as to a protective order. In the absence of agreement, either party may file a motion for a protective order.

e. **Expert Testimony**. Plaintiff shall disclose any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2)(B) and (C) on or before **September 29, 2026**, and Defendant shall disclose any expert testimony in accordance with Fed. R. Civ. P. 26(a)(2)(B) and (C) on or before **October 27, 2026**. The parties shall disclose rebuttal expert testimony no later than **November 17, 2026**. The parties shall supplement these disclosures when required under Fed. R. Civ. P. 26(e).

f. **All Discovery**. The parties shall complete all discovery, including expert depositions, by **December 8, 2026**, unless the parties agree in writing to an extension. *See* Fed. R. Civ. P. 29(b). No such agreement will affect the other deadlines in this Scheduling Order, and the Court will not get involved in discovery disputes that arise after the expiration of the deadline, absent extraordinary circumstances. The parties shall serve all written discovery requests sufficiently in advance of the discovery deadline so that responses will be due prior to the deadline.

g. **Motions to Compel**. The parties shall file motions to compel as soon as practicable but no later than **December 15, 2026**. The Court may summarily deny motions to compel that are filed after this deadline.

h. **Discovery Disputes**. The parties shall resolve discovery disputes in the following manner:

   i. The parties shall first meet and confer in an attempt to resolve disputes between themselves without judicial intervention.

   ii. If the parties are unable to resolve the disputes, they shall contact Chambers via email (poplin_chambers@tned.uscourts.gov and copy all counsel of record to schedule an informal conference. The informal conference may take place in court or by telephone at the undersigned's discretion.

   iii. If, and only if, the parties' dispute is unresolved following the informal conference with the undersigned, the parties may file appropriate written motions with the Court. Any written motions regarding discovery shall include a certification as required by Rule 37(a)(1), if applicable.

   iv. The Court may summarily deny motions if the moving party fails to follow the above procedure.

5. **Motion Practice and Other Scheduling Matters**

   a. **Amendment of Pleadings/Joinder**. The parties shall file motions to amend the pleadings or add parties on or before **October 20, 2026**.

3

**b. Dispositive Motions**.  The parties shall file all dispositive motions on or before **January 19, 2027**.  The Court may summarily deny untimely dispositive motions.

**c. Expert Witness and *Daubert* Motions**.  The parties shall file objections to a proposed expert witness's qualifications or that witness's competency to offer an expert opinion, or any objection to a proposed expert's testimony under Federal Rules of Evidence 701 through 706 and *Daubert* on or before **January 19, 2027**.

**d. Motions in Limine**.  The parties shall file motions in limine (with supporting authority) relating to exhibits, depositions (including video depositions), and witnesses (other than experts) on or before **April 9, 2027**.  The parties shall have **seven days** to respond to a motion in limine.  The Court may address motions in limine at the final pretrial conference.

The Court will not entertain a motion to exclude expert testimony styled as a motion in limine.  The parties shall file any motions to exclude expert testimony in full or in part pursuant to Federal Rules of Evidence 701 through 706 on or before the *Daubert* motion deadline.

**e. Final Exhibit and Witness Lists and Deposition Designations/Pretrial Disclosures**.  On or before **thirty (30) days** before the final pretrial conference, **March 26, 2027**, the parties shall make pretrial disclosures in accordance with the following:

- Provide to all parties a final witness list in accordance with Rule 26(a)(3). The list may be supplemented **within five (5) days** after service.  After that time, the list shall only be supplemented with leave of Court and for good cause.

- Exchange exhibit lists and designations of the particular portions of the depositions to be placed in evidence and produce the exhibits for inspection by the opposing parties.  The parties shall exchange counter-designations **within seven days** after receiving the opposing party's designations.

- Parties may file objections after the exhibit list exchange for the limited purpose of raising objections to authenticity and/or admissibility.  The parties shall file any objections **at least fourteen (14) days** prior to the final pretrial conference.  Unless written objections are made to authenticity and/or admissibility of an exhibit, an objection to the authenticity and/or admissibility of the exhibit is deemed waived unless excused for good cause.

- Furnish opposing parties a list of damages, if damages are claimed.

**Failure to fully comply with this section may result in the exclusion of these items from use a trial in that party's case-in-chief**.

4

6. **Final Pretrial Conference and Pretrial Filings**

    a. **Final Pretrial Conference**. The Court will conduct a final pretrial conference on **Monday, April 26, 2027**, at the Howard H. Baker, Jr. United States Courthouse, Courtroom 3B at 1:30 PM.

    b. **Final Pretrial Order**. The parties shall file a proposed final pretrial order **five (5) days** before the final pretrial conference, **April 21, 2027**. The order shall contain the following recitals:

        i.    Jurisdiction.

        ii.    Admissions and Stipulations. The parties shall set out in numbered paragraphs each fact that is not in dispute. The parties are reminded that the Court, in an effort to reduce the need for evidence at and length of trial, expects the parties to approach this task in a good faith effort to agree on all relevant facts for which there is no reasonable basis for disagreement. In a jury trial, the Court will read this section to the jury and instruct the jury to accept these stipulated facts as true.

        iii.    General Nature of the Claims of the Parties:

            a) Summary of the plaintiff's theory. For each defendant, each plaintiff shall concisely state each legal theory relied upon and the factual allegations the plaintiff expects to prove in support of each. Vague, conclusory, and general claims and allegations are unacceptable. The Court expects plaintiff to know the claims, and plaintiff must be able to state precisely and succinctly the issues to be tried. Each claim must be set out in a separately numbered and labeled paragraph.

            b) Summary of each defendant's theory. For each claim against a defendant, each defendant shall concisely state each legal theory relied upon and the factual allegations the defendant expects to prove in support of each. Vague, conclusory, and general claims and allegations are unacceptable. The Court expects defendant to know the defenses, and defendant must be able to state precisely and succinctly the issues to be tried. Each defense must be set out in a separately numbered and labeled paragraph.

        iv.    Contested Issues of Law.

        v.    Novel or Unusual Questions of Law or Evidence.

        vi.    Damages. If damages cannot be stipulated, each party must show the method by which damages should be calculated if awarded.

        vii.    Other Trial Information and Other Matters.

a) That the pleadings are amended to conform to the pretrial order.

b) Estimated length of trial (in eight (8) hour days).

c) Possibility of settlement.

d) Any miscellaneous matters that may contribute to the just, speedy, and inexpensive disposition of the case.

**Forty-five (45) days** before the final pretrial conference, March 12, 2027, plaintiff's counsel shall serve opposing counsel with a proposed pretrial order containing the above items except for the theory of defendant. Within **five (5) business days** after receipt thereof, opposing counsel shall furnish plaintiff's counsel with defendant's theory and advise of any disagreement as to proposed pretrial order content. The parties shall make good faith efforts to reconcile all differences without the Court's intercession. If the parties cannot agree on a pretrial order, plaintiff's counsel shall notify the undersigned's chambers at least **twenty-one (21) days** before the final pretrial conference that the parties have been unsuccessful, after a good faith effort, to agree upon a pretrial order.

**Failure to file an agreed pretrial order or to notify the undersigned's chambers that one cannot be agreed upon as required herein may be deemed a failure to prosecute the action, and the Court may dismiss the action. *See* Fed. R. Civ. P. 41(b).**

c. **Filings Required after Final Pretrial Conference**. At least **seven (7) days** before trial, **May 4, 2027**, counsel will complete the following actions.

(1) File a final witness list identifying only the witnesses that will be used at trial. This list shall not identify any witness not appearing on the witness list referenced above.

(2) File a list of damages. The Court prefers a stipulated list of damages; however, if an agreement cannot be reach, each party must file a list showing the amount of damages and method of determining damages.

(3) File deposition designations and counter-designations, providing the particular portions of the depositions that will be read at trial.

(4) File as an exhibit the resumes of any expert witnesses.

(5) **Jointly** submit pre-marked exhibits. The exhibits shall be sequentially numbered with plaintiff's exhibits first and defendant's exhibits thereafter. Plaintiff's exhibits will be numbered one through the last exhibit plaintiff expects to introduce and defendant's exhibit numbers will commence with the number immediately following plaintiff's last exhibit.

(6) File briefs of all contested issues of law.

d. **Jury Instructions**.  The parties are to meet and confer prior to trial to prepare jury instructions on the substantive law on the case.  It is the Court's practice to give standard preliminary opening and closing instructions, which include an explanation of the issues in the case, definitions of relevant terms, the burden of proof, and an explanation of the jury's role as the factfinder.  The parties may request particular instructions as may be appropriate.  At least **ten (10) days before trial**, April 30, 2027, the parties are to file with the Court a single set of proposed, stipulated jury instructions.  The Court expects most of the proposed instructions to be agreed upon.  If, after a good faith effort, the parties cannot agree upon a particular instruction, each party must submit a proposed instruction under a single heading followed by a brief, one paragraph statement supporting their version (or argument that the instruction should not be given), including supporting authority.  This should be the exception and not the rule.  All instructions, both agreed and disputed, shall be presented in a sequential order and in a single document.  If a proposed instruction is based on one from a model source, the parties should include a citation to the model instruction.

e. **Verdict Form**.  The parties are to meet and confer prior to trial to prepare a proposed joint verdict form.  If the parties cannot agree on a proposed verdict form, each party may submit proposed verdict forms with supporting authority.  The parties shall file the proposed verdict form(s) at least **five (5) days before trial**, May 6, 2027.

7. **Trial**.  The Court will conduct the trial in Knoxville, Tennessee, at the Howard H. Baker, Jr. United States Courthouse, Courtroom 3B, before the undersigned and a jury beginning on **May 11, 2027, at 9:00 a.m.** The expected length of trial is 2 days.

If there are any preliminary matters, counsel shall notify Chambers and be present at 8:30 a.m. to take up any such matters that may require the Court's attention.

Should the scheduled trial date change for any reason, the other dates contained in this order that are not expressly tied to the trial date shall remain as scheduled.

8. **Courtroom Technology Equipment**.  The evidence presentation system facilitates and expedites hearings and trials. The Court encourages attorneys to familiarize themselves with this technology and to make full use of it.  Counsel who intend to use the equipment should notify the courtroom deputy, Madison McCroskey, at least **two (2) days** prior to a hearing or trial so the equipment is ready for use.  The courtroom deputy will be available following the final pretrial conference to assist counsel with the use of the equipment. Counsel may also contact the courtroom deputy to schedule an alternate time to familiarize themselves with the equipment.

The U.S. District Court for the Eastern District of Tennessee uses the Jury Evidence Recording system (JERS) to capture evidence electronically during a trial.  The Court will release admitted evidence to the jury during deliberations, unless the Court specifically directs otherwise, and the evidence may be played back by the jury in the deliberation room.  To best facilitate presentation of evidence at trial and use of the JERS, the parties

are STRONGLY ENCOURAGED to provide their exhibits to the courtroom deputy no later than **seven (7) days** before trial. The exhibits shall be the exhibits that were previously marked and numbered by the parties. The exhibits SHALL BE SUBMITTED IN ELECTRONIC FORMAT. It is preferred that the parties provide all electronic evidence files on USB drives, DVDs, or CDs.

Information on JERS, specific requirements, and equipment supplied by the Court is available on the Eastern District of Tennessee website (www.tned.uscourts.gov). Specific questions about court-supplied equipment should be directed to the courtroom deputy.

9. **Conclusion**. A failure to comply with the provisions of this order may result in the exclusion of witnesses, exhibits, depositions, or damages, as the case may be.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge